## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFERY PAYNE,

                    Petitioner,              Case Number: 2:18-CV-10212
                                             HONORABLE DENISE PAGE HOOD
v.

DUNCAN MACLAREN,

                    Respondent.
_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS (ECF No. 11), DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Michigan prisoner Jeffery Payne has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Payne seeks habeas relief on the grounds that he was denied the effective assistance of trial and appellate counsel.

Payne has filed a motion to stay the petition to allow him to exhaust additional claims in state court.  Respondent has filed an answer in opposition to the petition arguing that the petition is untimely.  For the reasons set forth below, the Court finds that the petition was filed after expiration of the one-year statute of

limitations and denies the petition. The Court also denies Payne's motion to stay the proceeding and declines to issue a certificate of appealability.

## I.  Background

Payne was convicted after a bench trial in Wayne County Circuit Court of armed robbery and felony firearm.  On December 14, 2011, he was sentenced to 15 to 30 years for the armed robbery conviction and two years for the felony-firearm conviction.

He filed an appeal of right in the Michigan Court of Appeals claiming that the verdict was against the great weight of the evidence and that the trial court erred in denying his motion for new trial.  The Michigan Court of Appeals affirmed his convictions.  *People v. Payne*, No. 308357, 2013 WL 2420987 (Mich. Ct. App. June 4, 2013).  On December 23, 2013, the Michigan Supreme Court denied leave to appeal.  *People v. Payne,* 495 Mich. 913 (2013).

On December 19, 2014, Payne filed a petition for writ of habeas corpus raising the same claims raised on state court direct review.  On September 24, 2015, the Court granted Payne's motion for non-prejudicial dismissal of the petition.  *See* 9/24/2015 Op. & Ord., *Payne v. Winn*, No. 14-14903.

On May 9, 2016, Payne filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  *See* 8/18/2016 Op. & Ord. (ECF No.17).

Both state appellate courts denied Payne's applications for leave to appeal the trial court's decision. *See People v. Payne,* No. 335711 (Mich. Ct. App. Jan. 24, 2017); *People v. Payne*, 501 Mich. 946 (Mich. Dec. 27, 2017).

Payne filed the pending petition on January 10, 2018. Respondent filed an answer in opposition arguing that the petition was not timely filed and, alternatively, that the claims lack merit. Payne later filed a motion seeking a stay to allow him to exhaust additional claims in state court.

## II.  Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Payne is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition.  Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 23, 2013.  *People v. Payne,* 495 Mich. 913 (2013).  Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on March 14, 2014, when the time period for seeking certiorari expired.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired).  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year

limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on March 15, 2014.

Payne filed his first habeas corpus petition on December 19, 2014. Under certain extraordinary circumstances, the one-year limitations period may be equitably tolled while a federal habeas corpus petition is pending . *See Reeves v. Campbell,* 708 F. App'x 230, 235-36 (6th Cir. Sept. 5, 2017). The Court will assume without deciding that the limitations period was tolled while Payne's petition was pending. At the time Payne filed his petition, 279 days of the one-year limitations period had run. The limitations period, of which 86 days remained, restarted when the habeas petition was dismissed on September 24, 2015. It continued to run until it expired on December 20, 2015.

Payne's filing of a motion for relief from judgment in the trial court on May 9, 2016, did not serve to toll the limitations period. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (a properly-filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run).

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d

781, 784 (6th Cir. 2010) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).  In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Robertson*, 624 F.3d at 784.  The Court finds no basis for equitable tolling in this case.

Over one year after filing the pending habeas petition, Payne filed a motion to stay proceedings so that he could exhaust additional claims (not raised in the petition) in state court.  Given the Court's determination that the petition is untimely, a stay is unwarranted.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (stay and abeyance procedure is appropriate where dismissal of petition would jeopardize the timeliness of a future petition).

### III.  Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  A

petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's holding that the petition is untimely. The Court denies a certificate of appealability.

## IV.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court DENIES and DISMISSES the petition for a writ of habeas corpus. The Court DENIES the Motion to Stay Proceedings and to Hold in Abeyance. [ECF No. 11]

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Denise Page Hood_____
Chief Judge, United States District

Dated: July 31, 2020

7